IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DERRICK NEAL ROBINSON,

    Plaintiff,                    No. CIV S-06-2795 MCE EFB PS

    vs.

HOME BOX OFFICE,

    Defendant.                 <u>ORDER</u>

_____/

       Plaintiff, proceeding in this action pro se, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned by Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

       On January 10, 2007, the court denied without prejudice plaintiff's application to proceed *in forma pauperis*, and granted him leave to file a complete application. The court also dismissed plaintiff's complaint, and granted him thirty days to file an amended complaint. Plaintiff has filed two such applications and an amended complaint. Upon review of all *in forma pauperis* applications plaintiff has submitted, the court finds that plaintiff has made the showing under § 1915(a) that he is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a).

////

1

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

By order dated January 10, 2007, the court advised plaintiff of the deficiencies in the originally lodged complaint. Specifically, the court informed plaintiff that the complaint failed to comply with Fed. R. Civ. P. 8, that no jurisdictional basis was apparent from the complaint, and that the complaint failed to set forth any discernible demand for relief. The amended complaint suffers from these same deficiencies.

Plaintiff is again advised that Rule 8(a) requires complaints to include: (1) the grounds upon which the court's jurisdiction rests; (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for relief. *See* Fed. R. Civ. P. 8(a).

"A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen,* 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

The amended complaint makes no cognizable reference to federal law or a federal right, and does not assert diversity jurisdiction. Plaintiff has therefore again failed to meet his burden of establishing subject matter jurisdiction.

Nonetheless, consistent with the court's liberal construction of pro se complaints, the court will permit plaintiff to file a second amended complaint in order to cure the deficiencies articulated in this order and the January 10, 2007 order.

Plaintiff is informed the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

In accordance with the foregoing, IT IS ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis* is granted;

2. Plaintiff's amended complaint is dismissed with leave to file a second amended complaint;

3. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint. The second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint;" and,

////

////

////

////

3

4. Failure to timely file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: March 2, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4